IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER LOVEALL,           )
                               )
      Plaintiff,          )
                               )
                               )  No. CIV-16-73-M
v.                             )
                               )
CAROLYN W. COLVIN,             )
  Acting Commissioner of Social )
  Security Administration,     )
                               )
      Defendant.          )

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his applications for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

Plaintiff applied for disability benefits in October 2013, alleging that he became disabled on September 11, 2013, due to chronic obstructive pulmonary disease ("COPD"), hypertension, and degenerative disc disease. He stated that he could not work because "no

1

place of business will hire a person with [COPD] knowing health [and] insurance risk to company." (TR 268). The medical record reflects that Plaintiff was hospitalized on September 1, 2013, after he was found unresponsive at his home. He was diagnosed with bilateral pneumonia, severe sepsis, hypertension, COPD, acute renal failure, and tobacco abuse. (TR 632). Following treatment with antibiotics and pain medication, he improved and was discharged on September 4, 2011. Later in September 2011, Plaintiff was hospitalized for two days with an acute exacerbation of COPD and bronchopneumonia. He improved with breathing treatments and medications and was discharged in stable condition. (TR 329).

Plaintiff was treated by Mr. Green, a physician's assistant, fairly regularly beginning in October 2010 through March 2014 for osteoarthritis of the right leg with knee pain, unspecified peripheral neuropathy, and hypertension. These conditions were treated conservatively with anti-inflammatory, pain, and blood pressure medications. In February 2014, Mr. Green added diagnostic assessments of degeneration of lumbar disc and COPD. (TR 532). These conditions were treated conservatively with medications.

Plaintiff was treated by Dr. Valentine in August 2014. Dr. Valentine noted that Plaintiff described "severe COPD requiring hospitalization" and high blood pressure, although Plaintiff reported he "feels quite well." (TR 430). Medications for COPD and hypertension were prescribed. Plaintiff was treated by Dr. Weissman in September 2014 and reported that he would need assistance to pay for medications. Plaintiff reported a history of COPD with shortness of breath on exertion although he continued to smoke cigarettes every day. On examination, Dr. Valentine noted that Plaintiff exhibited "mild labored

2

breathing" and "mild to moderate" expiratory wheezing. (TR 427). The diagnostic assessment was COPD, hypertension, and degeneration of lumbar intervertebral disc, for which medications were prescribed. In April 2014, Plaintiff underwent pulmonary function studies. (TR 392-395).

In a hearing conducted in December 2014 before Administrative Law Judge McClain ("ALJ"), Plaintiff stated that he was 51 years old, had a high school education, and had not worked since September 1, 2013. Plaintiff estimated he could sit for an hour, stand for 15 minutes, walk less than a block, could not climb stairs without stopping, and could lift ten pounds. A vocational expert ("VE") also testified at the hearing.

ALJ McClain issued a decision in which the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. Following the agency's well-established sequential evaluation procedure, the ALJ found at step one that Plaintiff had not worked since September 11, 2013, when he alleged he became disabled. At step two, the ALJ found that Plaintiff had severe impairments due to COPD and a history of back and knee pain. At step three, the ALJ found that these impairments, singly or in combination, were not of the severity required to meet or equal a listed impairment.

At the fourth step, the ALJ found that Plaintiff had residual functional capacity ("RFC") to perform work at the medium exertional level, including the ability to lift and/or carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk at least 6 hours in an 8-hour workday, sit at least 6 hours in an 8-hour workday, and limited to work that did not require him to have concentrated exposure to fumes, dust, or gases. In reaching this

finding, the ALJ considered the objective medical evidence, Plaintiff's testimony and statements in the record, and Plaintiff's credibility. See Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *1 (1996)(assessment of claimant's RFC at step four generally requires ALJ to "make a finding about the credibility of the [claimant's] statements about his symptom(s) and [their] functional effects"). In the decision, the ALJ provided a reasoned and well-supported explanation of reasons for finding that Plaintiff's allegations were only partially credible. See id. at *4 (ALJ must "consider the entire case record and give specific reasons for the weight given to the individual's statements" in determining a claimant's credibility).

In light of this RFC for work and Plaintiff's vocational characteristics and history, and relying on the VE's hearing testimony, the ALJ found that Plaintiff could perform his previous job as a cook. Alternatively, the ALJ found that Plaintiff could perform other jobs available in the national economy, including the jobs of hand packager and kitchen helper. Based on these findings, the ALJ concluded that Plaintiff was not disabled and not entitled to benefits.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. See 20 C.F.R. §§ 404.981, 416.1481; Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

## II. General Legal Standards Guiding Judicial Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the correct legal standards were applied.

Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." Wall, 561 F.3d at 1052 (citations, internal quotation marks, and brackets omitted).

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401 *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord, 42 U.S.C. § 1382c(a)(3)(A); see 20 C.F.R. § 416.909 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. Barnhart v. Walton, 535 U.S. 212 (2002).

The agency follows a five-step sequential evaluation procedure in resolving the claims of disability applicants. See 20 C.F.R. §§ 404.1520(a)(4), (b)-(g), 416.920(a)(4), (b)-(g). "If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to

perform other work in the national economy in view of her age, education, and work experience." Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005). "The claimant is entitled to disability benefits only if he [or she] is not able to perform other work." Bowen v. Yuckert, 482 U.S. 137, 142 (1987).

III. Evaluation of Agency Medical Consultants' Opinions and RFC Assessment

The ALJ found that Plaintiff had severe impairments due to COPD and a "history of back and knee pain." (TR 79). The ALJ found that Plaintiff had the RFC to perform medium work[1] with environmental limitations.

Plaintiff contends that the ALJ erred in evaluating the opinions of the agency medical consultants and assessing Plaintiff's RFC for work in light of those opinions. Two medical consultants, who are identified only as "JS, D.O." and "LMW, MD" opined that based on their review of the objective medical evidence in the record Plaintiff was capable of performing work at the medium exertional level with postural limitations of occasional kneeling, crouching, or crawling and environmental limitations of avoiding concentrated exposure to fumes, odors, dusts, gases, or poor ventilation. (TR 120-125, 144-150). Plaintiff argues that the ALJ "cherry-picked" these opinions because the ALJ did not include the postural limitations of occasional kneeling, crouching, or crawling in the RFC assessment

---

[1] Medium work is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c). The agency has determined that work at the medium exertional level *usually* requires standing and/or walking for six hours in an eight-hour workday and frequent bending, crouching, and stooping. SSR 83-10, 1983 WL 31251, *6 (1983); SSR 83-14, 1983 WL 31254, *5 (1983).

despite assigning these opinions "great weight."

The RFC related by the ALJ to the VE did not include the postural limitations assessed by the agency medical consultants, although it included the medical consultants' assessment that Plaintiff could perform medium work with environmental limitations. In the ALJ's decision, the ALJ recognized that the agency medical consultants' opinions were entitled to "appropriate consideration" as the opinions of non-examining medical experts. (TR 85). In discussing these opinions, the ALJ expressly considered the medical consultants' RFC finding that included occasional postural limitations. (TR 85).

The ALJ then considered the issue of Plaintiff's credibility and found that "there are numerous inconsistencies regarding the claimant's physical limitations and the objective medical evidence" and that although Plaintiff had "complaints of back and knee pain . . . the objective medical evidence does not show a condition that would limit him to the extent he claims." (TR 85). The ALJ ultimately determined that Plaintiff had the RFC to perform medium work with environmental limitations but no postural limitations. In reaching this determination the ALJ noted that he accorded "great weight" to the opinions of the agency medical consultants on the basis that the opinions were "consistent with" the objective medical evidence. (TR 86).

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [a claimant's] symptoms, diagnosis and prognosis ...." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). An ALJ must "give consideration to all the

7

medical opinions in the record" and "discuss the weight [assigned] to such opinions." Keyes-Zachary v. Astrue, 695 F.3d 1156, 1161 (10th Cir. 2012) (citation omitted). Where, as here, the opinion is that of a non-examining, non-treating agency medical consultant, the ALJ must still "provide specific, legitimate reasons for rejecting" the medical opinion. Chapo v. Astrue, 682 F.3d 1285, 1291 (10th Cir. 2012) (citation and quotation marks omitted). In evaluating medical opinions in the record, an ALJ may not "'pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Id. at 1292 (citation and quotation marks omitted).

Plaintiff asserts without benefit of precedential authority that the ALJ erred in failing to explicitly discuss why the postural limitations as found by the medical consultants were omitted and that this error is not harmless "because of the age of the DOT." Plaintiff's Opening Brief, at 3. Plaintiff's argument in this respect is simply unpersuasive and irrelevant. The United States Department of Labor's *Dictionary of Occupational Titles* provides job information that is generally considered by the agency to be reliable. See SSR 00-4p, 2000 WL 1898704, *2 (2000)("The regulations at 20 CFR 404.1566(d) and 416.966(d) provide that we will take administrative notice of 'reliable job information' available from various publications, including the DOT."). In this circuit, any conflict between a VE's testimony and the DOT's job descriptions must be considered and resolved. Id. (ALJ must elicit reasonable explanation for any conflict between DOT and VE's testimony before relying on VE's evidence to support disability determination); Poppa v. Astrue, 569 F.3d 1167, 1173-74 (10th Cir. 2009)(ALJ must inquire about and resolve any

conflicts between the VE's testimony and DOT's job descriptions). Plaintiff does not identify any such conflict or any reason why "the age of the DOT" should be considered in assessing the harm caused by any error in the ALJ's evaluation of medical opinions in the record.

As the ALJ pointed out in the decision, Plaintiff provided a medication list at the time of the hearing showing that he had been prescribed medications "since September 13, 2013, but has not taken any medications since March 2014" and Plaintiff ascribed this failure to lack of funds. (See TR 321). The ALJ reasoned that "[i]f the claimant were in the constant and disabling painful condition as alleged, it is reasonable to assume that he would exhaust every means possible to obtain relief of that pain. There are public facilities available to those who do not have insurance or who are unable to pay for medical care. The claimant has provided no evidence that he has sought and been denied medical treatment from his treating sources or from indigent care facilities run by various government agencies." (TR 86). Further, the ALJ reasoned that "[t]here are some exams with joint and knee pain, but the claimant is able to exercise, walk and ride his bike." (TR 86).

Further, Plaintiff does not argue that his previous job as a cook or the jobs of hand packager or kitchen helper, as identified by the ALJ in the alternative step five finding, required occasional or more frequent kneeling, crouching, or crawling. A limitation of occasional balancing, stooping, kneeling, crouching, and crawling, has been found by at least one court in this circuit to be consistent with the ability to perform the requirements of the job of hand packager. Nelson v. Colvin, 2016 WL 3948063 (D. Utah 2016)(unpublished op.).

In this case, the ALJ failed to explicitly point out that the agency medical consultants' opinions were not entirely adopted or explain why only a portion of the opinions were adopted. Nevertheless, even assuming this constitutes error, the decision provides an adequate explanation for the ALJ's RFC finding, including the omission of the postural limitations as found by the agency medical consultants. See Keyes-Zachary, 695 F.3d at 1166 ("In conducting our review, we should, indeed must, exercise common sense. The more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection.").

As the ALJ pointed out in the decision, Plaintiff occasionally complained to treating sources of back and knee pain and he was prescribed pain medication. He also stated that he liked to exercise, take long walks around town, ride a bike, and walk one to two miles, and he could walk a mile at a time limited only by a need to "catch [his] breath." (TR 269, 271-73, 302). Per his own report, Plaintiff engaged in various daily activities, including performing household tasks or repairs, riding a bike, walking, visiting with friends, shopping for groceries, and he related limitations in his activities related only to his COPD. Because there is substantial evidence in the record to support the Commissioner's final decision, that decision should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's applications for benefits.

The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 10th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 20th day of September, 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE